IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **In re: PARAQUAT PRODUCTS LIABILITY LITIGATION**  **This Document Relates to:**  *Gorman v. Syngenta Corp. Protection, LLC, et al.*, No. 3:23-pq-00369-NJR | Case No. 3:21-md-3004-NJR  MDL No. 3004 |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is a Motion to Remand filed by Plaintiffs Deborah K. Gorman, trustee for The Thomas E. Grandcolas Revocable Trust dated September 21, 2000, as amended, and Nancy C. Grandcolas, individually and as the surviving spouse of Thomas E. Grandcolas (collectively "Plaintiffs"). (Doc. 7, 8). Defendants, Syngenta Crop Protection, LLC and Syngenta AG ("Syngenta" or "Defendants") filed an opposition to Plaintiffs' motion, and the matter is now ripe for disposition. For the following reasons, Plaintiffs' motion to remand is granted.

## Background

Plaintiffs filed this action in the Circuit Court for the Twentieth Judicial Circuit, St. Clair County, Illinois on December 12, 2022. (Doc. 1-1 at 7). Their complaint names two out-of-state defendants (Syngenta Crop Protection, LLC and Syngenta AG), and one Illinois defendant (St. Clair Service Company ("St. Clair")). *Id.* at 10. The complaint asserts eight causes of action against Syngenta: (i) strict products liability – design defect; (ii) strict products liability – failure to warn; (iii) negligence; (iv) violation of the Illinois

Consumer Fraud and Deceptive Business Practices Act; (v) breach of the implied warranty of merchantability; (vi) loss of consortium; (vii) survival action under the Illinois Survival Act, 755 ILL. COMP. STAT. 5/27-6; and (viii) wrongful death. *Id.* at 56—65. Only two causes of action are asserted against St. Clair: (i) negligence; and (ii) a survival action under 755 ILL. COMP. STAT. 5/27-6. *Id.* at 59—61, 64.

Plaintiffs allege that Syngenta manufactured and sold Paraquat in Illinois, and that from 1997 to 2018, St. Clair sprayed and applied it on a farm that abutted Nancy and Thomas Grandcolas' property. *Id.* at 32, 34. Plaintiffs further claim that Mr. and Mrs. Grandcolas were exposed to Paraquat through "inhalation, ingestion and absorption," and that this exposure caused them to develop Parkinson's disease and led to Mr. Grandcolas' death on January 5, 2021. *Id.* at 8, 32, 58—61.

On February 3, 2023, Syngenta removed the case to this Court based on diversity jurisdiction under 28 U.S.C. § 1332. (Doc 1 at 4). The parties' citizenships for purposes of diversity jurisdiction are not in dispute: Mr. and Mrs. Grandcolas were citizens of Illinois at all relevant times; Syngenta Crop Protection LLC[1] is a citizen of Delaware; and St. Clair is a citizen of Illinois. *Id.* at 4; (Doc. 1-1 at 10). Syngenta asserts that complete diversity exists but for the presence of St. Clair as a defendant, who, they claim, was fraudulently joined to defeat complete diversity. (Doc 1 at 3).

Plaintiffs now move to remand the case to state court. They argue that St. Clair is

---

[1] Plaintiffs also named Syngenta AG, a foreign corporation based in Basel, Switzerland, as a defendant. (Doc. 1-1 at 10). Syngenta AG is Syngenta Crop Protection, LLC's corporate parent and its status as a foreign corporation is neither disputed, nor does it alter this Court's jurisdictional analysis. *See* 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business").

properly joined and that its presence as a nondiverse defendant deprives this Court of subject matter jurisdiction. In support, Plaintiffs advance two core arguments. First, they argue that the doctrine of fraudulent joinder does not justify removal because disputed issues of fact preclude a finding, at this stage of the litigation, that their claims against St. Clair are time-barred under the relevant statute of limitations, 735 ILL. COMP. STAT. 5/13-202. Second, Plaintiffs argue that the common defense exception to the fraudulent joinder doctrine compels remand because the statute of limitations creates a defense that is common to all defendants in this case.

Defendants, on the other hand, argue that removal to this Court is appropriate because Plaintiffs' claims against St. Clair are time-barred. Thus, so the argument goes, if the claims against St. Clair are dismissed as untimely, complete diversity would be restored and federal jurisdiction would be proper. Defendants also contend that the common defense exception does not apply here because Plaintiffs have only alleged that Syngenta, *not St. Clair*, fraudulently concealed evidence of Paraquat's purported health risks, thereby tolling the statute of limitations only as to Syngenta.

## Legal Standard

A defendant may "remove a civil action from state court when a district court has original jurisdiction over the action." *Micrometl Corp. v. Tranzact Techs., Inc.*, 656 F.3d 467, 470 (7th Cir. 2011). "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." 28 U.S.C. § 1332(a)(1). Even where the statutory requirements for diversity jurisdiction under § 1332(a) are met, however,

the forum defendant rule bars removal based on diversity jurisdiction under § 1332(a) "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2).

The party invoking federal jurisdiction has the burden of establishing that it exists. *See Schimmer v. Jaguar Cars, Inc.*, 384 F.3d 402, 404 (7th Cir. 2004) (a removing defendant must demonstrate a "reasonable probability" that subject-matter jurisdiction exists). When a defendant invokes the fraudulent joinder doctrine as a basis for removal, they bear a "heavy burden" to show that "after resolving all issues of fact and law in favor of the plaintiff, the plaintiff cannot establish a cause of action against the in-state defendant." *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992). As such, "a plaintiff's choice of forum is presumed valid, and the Court must resolve any doubts about jurisdiction in favor of remand." *D.C. ex rel. Cheatham v. Abbott Labs. Inc.*, 323 F. Supp. 3d 991, 993 (N.D. Ill. 2018) (citing *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009)).

## Discussion

The parties dispute whether Plaintiffs' claims against St. Clair are time-barred under Illinois' statute of limitations for personal injury actions, 735 ILL. COMP. STAT. 5/13-202.[2] If Syngenta is correct that Plaintiffs have "no chance of success" against St. Clair because their claims were filed after the statute of limitations expired, then this Court

---

[2] The parties agree that 735 ILL. COMP. STAT. 5/13-202 supplies the applicable statute of limitations. Plaintiffs also assert a cause of action under Illinois' Survival Act, 755 ILL. COMP. STAT. 5/27—6, however, the Survival Act "does not create a statutory cause of action." *Moon v. Rhode*, 67 N.E.3d 220, 230 (Ill. 2016). Rather, it "allows a representative of the decedent to maintain those statutory or common law actions which had already accrued to the decedent before he died." *Id.* (citation omitted). Plaintiffs' survival action against St. Clair is, therefore, "derivative" of their negligence claim, which requires this Court to apply Section 13-202 to assess timeliness. *Janetis v. Christensen*, 558 N.E.2d 304, 307 (Ill. App. Ct. 1990).

would have subject matter jurisdiction under 28 U.S.C. § 1332 because St. Clair would be dismissed and complete diversity would be restored. *Poulos*, 959 F.2d at 73. Accordingly, the Court must determine whether there is "any reasonable possibility" that Plaintiffs claims against St. Clair were timely filed. *Schur*, 577 F.3d at 764. To resolve this question, the Court applies Illinois substantive law. *Hollander v. Brown*, 457 F.3d 688, 692 (7th Cir. 2006).

Illinois recognizes a discovery rule for personal injury actions, which holds that a cause of action accrues when the plaintiff "knows or reasonably should know that he has been injured and that his injury was wrongfully caused." *Golla v. General Motors Corp.*, 657 N.E.2d 894, 898 (Ill. 1995). Once a plaintiff acquires this knowledge or reasonably should have, he is held to be on inquiry notice "to determine whether an actionable wrong has been committed." *Henderson Square Condominium Ass'n v. LAB Townhomes, LLC*, 46 N.E.3d 706, 721 (Ill. App. Ct. 2015). The question whether a person knew or reasonably should have known of their injury *and* its wrongful cause is emphatically one of fact, and courts will not decide it as a matter of law "unless the facts are undisputed and only one conclusion can be drawn from them." *Janetis v. Christensen*, 558 N.E.2d 304, 307 (Ill. App. Ct. 2015). Moreover, when the plaintiff's claimed injury has a delayed onset, as Plaintiffs allege here, Illinois courts are exceedingly deferential to a fact finder's determination of timeliness. *See Nolan v. Johns Manville Asbestos*, 421 N.E.2d 864, 869 (Ill. 1981) (summary judgment improper where plaintiff began experiencing lung problems eighteen years before filing personal injury lawsuit against asbestos manufacturer); *Moon v. Rhode*, 67 N.E.3d 220, 231-32 (Ill. 2016) (factual question existed regarding timeliness of

plaintiff's lawsuit against radiologist who treated his mother even though lawsuit was filed nearly four years after mother's death and nearly two years after plaintiff received medical consulting firm's report that other physicians involved in treating his mother had been negligent); *Golla*, 657 N.E.2d at 900-01 (recognizing that discovery rule typically tolls statute of limitations in actions for "latent" physical injuries arising in toxic exposure and medical malpractice cases); *see also Hollander*, 457 F.3d at 692 (discussing distinction between sudden, traumatic injuries and late or "insidious" onset injuries for accrual purposes under Illinois law).

Here, Plaintiffs' allegations fall within the class of cases that involve latent injuries that toll the statute of limitations until the injured party knows or reasonably should know of their injury and its wrongful cause. Mr. and Mrs. Grandcolas allegedly developed Parkinson's disease from "frequent, regular, direct, and indirect exposures to Paraquat" between 1997 and 2018. (Doc. 1-1 at 7—8, 32). They began suffering "neurological injuries consistent with Parkinson's disease" in 2002 and 2004 respectively, and both were eventually diagnosed with Parkinson's disease. *Id.* at 33. Notwithstanding the onset of symptoms in 2002 and 2004, Plaintiffs claim that, at no time during their exposure to Paraquat, were Mr. or Mrs. Grandcolas "aware that exposures to Paraquat could cause any latent injury, including any neurological injury or Parkinson's disease." *Id.* Moreover, "[n]o doctor or any other person told Mr. and Mrs. Grandcolas that their injuries were or could have been caused by exposure to Paraquat." *Id.* Rather, each exposure to Paraquat allegedly "initiat[ed] a decades-long process in which oxidation and oxidative stress, created or aggravated by the ongoing redox cycling of Paraquat,

damaged and interfered with essential functions of dopaminergic neurons," which ultimately led to their respective Parkinson's diagnoses and Mr. Grandcolas' death. *Id.* at 34.

Assuming the truth of Plaintiffs' allegations, as this Court must, Defendants are unable to meet their "heavy burden" of showing that Plaintiffs' claims against St. Clair are time-barred. *Schur*, 577 F.3d at 764. The complaint paints a picture of Mr. and Mrs. Grandcolas' sustained exposure to Paraquat that lasted for more than two decades until 2018. No doctor or other informational source ever told them during the years of their exposure to Paraquat (1997—2018) that their symptoms could be caused by Paraquat. Plaintiffs began experiencing neurological symptoms that were "consistent with Parkinson's disease" in 2002 and 2004, however, such symptoms are not the type of obvious injury that would immediately trigger the statute of limitations. *See Hoffman v. Orthopedic Systems, Inc.*, 765 N.E.2d 116, 121 (Ill. App. Ct. 2002) ("the more obvious the injury, the more easily a plaintiff should be able to determine its cause"). Indeed, nothing in the complaint suggests an "obvious triggering event," that would have put them on inquiry notice more than two years before they filed their lawsuit. *Stark v. Johnson & Johnson*, 10 F.4th 823, 833 (7th Cir. 2021).

*Nolan v. Johns-Manville Asbestos* provides instructive and binding guidance. 421 N.E.2d 864 (Ill. 1981). In *Nolan*, the plaintiff worked as an asbestos insulator for nearly thirty years. *Id.* at 865. In 1957, sixteen years before he stopped working, he began experiencing shortness of breath and was diagnosed with "lung problems." *Id.* Eight years later in 1965, the plaintiff's symptoms had progressed, and he was diagnosed with

pulmonary fibrosis. *Id* at 865—66. In 1968, the plaintiff's union began publishing "green sheets," which explored the connection between exposure to asbestos and lung problems. *Id*. at 866. In May 1973, the plaintiff was diagnosed with asbestosis, and nearly two years later, in May 1975, he filed a lawsuit against the manufacturer of asbestos products to which he had been exposed. *Id*. The trial court granted summary judgment in favor of the defendants on the basis that the action was time-barred. *Id*. at 865. The Illinois Supreme Court applied the discovery rule and reversed, noting that it was "difficult to pinpoint a precise time when [the] injury occurred." *Id*. at 867. The court held that even though the plaintiff began experiencing shortness of breath eighteen years before he filed his lawsuit and had access to the "green sheets" which explored a connection between lung problems and asbestos products, the evidence was "conflicting" because he was not diagnosed with asbestosis until less than two years before he filed a lawsuit. *Id*. at 869. Thus, even with the benefit of a fully developed record of discovery, the court declined to decide the issue of timeliness as a matter of law. *Id*.

Here, the evidence is, at best, equally "conflicting." *Id*. Mr. and Mrs. Grandcolas were allegedly exposed to Paraquat from 1997 to 2018. At no time during this exposure period did their doctors or anyone else tell them that their symptoms could be linked to Paraquat exposure. Thus, assuming the truth of Plaintiffs' allegations, their complaint could be found to be timely under 735 ILL. COMP. STAT. 5/13-202 unless some intervening event placed them on inquiry notice between 2018 (when their exposure ended) and December 13, 2020 (the earliest permissible accrual date based on their December 12, 2022 filing date). Although Plaintiffs may have been experiencing symptoms for several years

before they filed a lawsuit, they were under no obligation to scour their own medical records to investigate the potential causes of their symptoms, especially when their own physicians were not linking their symptoms to Paraquat exposure. *See Stark*, 10 F.4th at 836-37 (collecting cases and denying summary judgment on statute of limitations grounds because plaintiff may have justifiably relied on doctors' opinions that recurring complications from medical device were due to preexisting conditions, not product defect).

The Court is not persuaded by Defendants' argument that Plaintiffs were on inquiry notice before December 2020 based on the litigation in *Hoffman v. Syngenta* and "related media coverage of Paraquat-related issues." (Doc. 9 at 6). Indeed, *Nolan* already addressed and rejected a similar argument. In *Nolan*, the defendants argued that the plaintiff's claim was time-barred because his union had published certain "green sheets" exploring the potential link between asbestos exposure and lung problems more than two years before he filed suit. *Nolan*, 421 N.E.2d at 867. The Illinois Supreme Court declined to decide the issue as a matter of law because the question of whether the plaintiff acted reasonably under the circumstances was one of fact. The same logic applies here. Plaintiffs preemptively allege in their complaint that Mr. and Mrs. Grandcolas "had never read nor were [they] aware of any lawsuit alleging that Paraquat causes Parkinson's disease." (Doc. 1-1 at 33). Whether it was *reasonable* for them to have no knowledge of relevant litigation is a different question, and one that a finder of fact, not this Court, should decide. Defendants' argument effectively asks this Court to assume, contrary to the express allegations in Plaintiffs' complaint, that Mr. and Mrs. Grandcolas knew about

the *Hoffman* litigation, followed it closely enough to understand the relevance of the "Paraquat-Parkinson's hypothesis," and on that basis, should have made the connection that their symptoms had a similar cause. This theory is certainly fair game for discovery, but the Court declines Defendants' invitation to adopt it at this stage to find that Plaintiffs claims against St. Clair are time-barred.

In reaching this conclusion, the Court is cognizant of its duty to "resolv[e] any doubt in favor of the plaintiff's choice of forum in state court." *Schur*, 577 F.3d at 758. St. Clair may well succeed in defending against Plaintiffs' lawsuit on the basis that it is time-barred. But without a firm conviction that Illinois law compels this result at the pleading stage, that determination should be made by the state court. *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992).

Based on the Court's conclusion that remand is proper because the timeliness of Plaintiffs' claims against St. Clair is a question of fact that does not warrant dismissal at this stage of the litigation, there is no need to address the parties' alternative argument of whether the common defense rule independently warrants remand.

For the reasons set forth above, Plaintiff's Motion to Remand (Doc. 7) is **GRANTED**. The Court **REMANDS** this entire action to the Circuit Court for the Twentieth Judicial Circuit, St. Clair County, Illinois, for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

DATED:  May 3, 2023

*/s/ Nancy J. Rosenstengel*
_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**